Case 4:11-cv-00450-A Document 18 Filed 11/23/11 Page 1 of 9 PageID 94

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 23 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WALLACE WAYNE BOWMAN JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:11-CV-450-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Wallace Wayne Bowman JR., a state prisoner currently incarcerated in Amarillo, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. Factual and Procedural History

In 2008 petitioner was charged by separate indictment in Montague County, Texas, with the capital murder of James Craig France and Karen Ann France during the same criminal episode, in

cause no. 2008-0000143M-CR, and the capital murder of Melinda Daffern while committing or attempting to commit robbery, in cause no. 2008-0000144M-CR. (04 State Habeas R. at 3-4; 05 State Habeas R. at 3)[1] On May 10, 2010, petitioner entered guilty pleas to the offenses in exchange for a life sentence without parole in each case. (04 State Habeas R. at 5; 05 State Habeas R. at 4) Petitioner did not directly appeal his convictions. (Pet. at 3) In March 2011 petitioner filed state habeas applications, raising the claims presented in this federal petition, which were denied without written order by the Texas Court of Criminal Appeals. (04 State Habeas R. at cover; 05 State Habeas R. at cover) This petition was filed on June 20, 2011.

## II. Issues

In two grounds, petitioner claims his convictions were obtained in violation of (1) his constitutional right to trial by jury and due process, and (2) the constitutional requirement of proof beyond a reasonable doubt and due process. (Pet. at 7)

## III. Rule 5 Statement

Respondent believes petitioner has exhausted his state court

---

[1] "04 State Habeas R." refers to the state court record of petitioner's state habeas application no. WR-30,332-04; "05 State Habeas R." refers to the state court record of his state habeas application no. WR-30,332-05.

remedies as to the claims raised as required by 28 U.S.C. § 2254(b) and (c). (Resp't Ans. at 3) Respondent does not allege that the petition is successive or barred by the statute of limitations.

## IV. Discussion

### *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly

3

identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to explicit and implicit findings of fact which are necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend*

4

v. *Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002).

## Discussion

Petitioner claims his Sixth and Fourteenth Amendment rights to a trial by jury and due process were violated by the trial court's acceptance of his waiver of a jury trial and entry of guilty pleas to the capital offenses. (Pet'r Mem. at 5-10)

Under Texas law, a capital defendant generally cannot waive his right to a jury trial. *See Lane v. State*, 471 S.W.2d 854, 855 (Tex. Crim. App. 1971) ("[I]n Texas, the defendant against whom the death penalty is sought cannot waive trial by jury."). However, a capital defendant may waive a jury trial after the state consents to the waiver and agrees to seek a life sentence. *See* TEX. CODE CRIM. PRO. ANN. arts. 1.14, 1.13(b) (Vernon 2005) ("In a capital felony case in which the attorney representing the State notifies the court and the defendant that it will not seek the death penalty, the defendant may waive the right to trial by jury but only if the attorney representing the State, in writing and in open court, consents to the waiver.").

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

5

Presumably, the Texas Court of Criminal Appeals denied habeas relief based on this statutory provision in conjunction with the reporter's record and documentary evidence in the state court proceedings. (04 State Habeas R. at 38-39; "Guilty Plea Memorandum") Although the parties did not produce the reporter's record, the documentary record clearly reflects petitioner voluntarily and knowingly waived his right to trial by jury. The trial court throughly admonished petitioner regarding his right to a jury trial, after which petitioner, joined by his trial counsel and counsel for the state, freely, voluntarily and knowingly waived the right in writing and in open court, and the waiver was made with the consent and approval of the trial court as required by state law. ("Guilty Plea Memorandum" at 1-5)

The United States Supreme Court has continually recognized that the right to a trial by jury is a protection granted to a person accused of a crime, which that person has the power to waive. *Patton v. United States*, 281 U.S. 276, 298 (1930). The waiver of a constitutional right must be knowingly and voluntarily made with sufficient awareness of the relevant circumstances. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000). Petitioner was admonished of his right to

6

trial by jury, knowingly and voluntarily waived the right, and was aware of the consequences thereof.

Petitioner also claims his Fifth and Fourteenth Amendment rights to the requirement of proof beyond a reasonable doubt and due process were violated by the trial court's acceptance of his waiver of a jury trial and entry of guilty pleas to the capital offenses. (Pet'r Mem. at 5, 10-11) However, petitioner's knowing and voluntary guilty pleas waived not only his right to trial by jury but the right to have his guilt proven beyond a reasonable doubt by a jury.

A knowing and voluntary guilty plea is conclusive as to a defendant's guilt, admits all the facts charged, and waives all nonjurisdictional defects in the prior proceedings against him. *Busby v. Holman*, 356 F.2d 75, 77 (5th Cir. 1966). Petitioner understood that he was admitting all the essential elements of the offenses by pleading guilty. He waived, in writing and open court, the requirement that the state introduce evidence showing his guilt, signed judicial confessions admitting that he committed the offenses as alleged in the indictments, and understood that his judicial confessions, combined with his guilty pleas, were sufficient evidence for the trial court to find him guilty without receiving any additional evidence. ("Guilty Plea Memorandum" at 5)

7

State courts are under no constitutional duty to establish a factual basis for a guilty plea prior to its acceptance, unless the judge has specific notice that such an inquiry is needed. *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985). "No federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea." *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983). The requirement that sufficient evidence exist from which a rational factfinder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a valid guilty plea. *Kelly v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. 1981).

Petitioner has failed to demonstrate that the state court's adjudication of his claims based on the state-court record resulted in a decision contrary to or involving an unreasonable application of Supreme Court precedent. Thus, a writ of habeas corpus shall not be granted.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in

the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED November 23, 2011.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE